MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

SUZANNE B. MILES (CABN 242048)
Assistant United States Attorney
1301 Clay Street, Suite 340S
Oakland, CA 94612
Telephone: (510) 637-3699
Fax: (510) 637-3724
E-Mail: smiles@usa.doj.gov

Attorneys for United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZACHARY MICHAEL TRIMBLE, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | No. 11-CR-00080-SBA (LB) <br><br> **DETENTION ORDER** |

In this case involving emailed threats in violation of 18 U.S.C. § 875(c) (a crime of violence under 18 U.S.C. § 3141(g)(1)), the court orders defendant Zachary Trimble detained pending trial for the reasons stated on the record at the detention hearing on March 4, 2011 and summarized below.  The court bases its decision on the information proffered by both parties, the discovery produced by the government, and the bail study by the U.S. Pretrial Services Agency, and finds that no condition or combination of conditions will reasonably assure the defendant's appearance in this case or the safety of others persons and the community.

Among other facts, the court finds the following information relevant to its decision.  The emails that form the basis for the charged offenses (which Trimble admits sending) contain

ORDER (CR 11-CR-00080 SBA (LB))

specific threats of physical violence. These and other harassing and obscene emails raise concerns that Trimble might carry out his threats or threaten or intimidate potential witnesses. The emails, the proffers, the bail study, and Trimble's statements to law enforcement also suggest potential mental health issues that may be relevant to whether Trimble will carry out the threats. These facts all support the court's finding by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of others persons and the community.

The same facts – viewed in the context of Trimble's personal circumstances – raise concerns about risk of flight. Trimble came here recently, and he has no established residence in this area. He now is estranged from his wife, and his child was removed from his custody before his arrest in this case. He denies that he and his wife moved here from Kansas in response to a child protective services investigation, and he proffered some support for his position, but at the same time, the government proffered information that he did move to in response to that investigation. Particularly when viewed in light of some of the grandiose and delusional statements in the bail study, the court has concerns about Trimble's mental health and – on this record – finds by a preponderance of the evidence that no conditions will reasonably assure Trimble's appearance int the case.

This detention order is without prejudice to Trimble's ability to present information at a future bail hearing to address the court's concerns. That information might be a mental health evaluation to address the concerns about flight risk and danger. As the court said at the hearing, without that evaluation, the court cannot determine whether any condition or set of conditions might mitigate the risk of danger or flight.

Accordingly, the court detains the defendant as a danger to the community and as a flight risk without prejudice to his raising the bail issue at a future hearing and excludes time under the Speedy Trial Act as set forth in the previous section. The Court orders the defendant committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. § 3142(i)(2). The defendant must be afforded

ORDER (CR 11-CR-00080 SBA (LB))

1  a reasonable opportunity to consult privately with counsel.  *See id.* § 3142(i)(3).  On order of a
2  court of the United States or on request of an attorney for the government, the person in charge
3  of the corrections facility must deliver the defendant to the United States Marshal for a court
4  appearance.  *See id.* § 3142(i)(4).
5  IT IS SO ORDERED.

7  DATED: March 8, 2011                                    _____
                                                            LAUREL BEELER
8                                                           United States Magistrate Judge

ORDER (CR 11-CR-00080 SBA (LB))